# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| ALAIN DELON COOK )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>F. DOYLE TODD, )<br>OWNER EXXON 204 & GATEWAY; )<br>RODNEY WILLIAMS, )<br>MANAGER, EXXON 204 )<br>& GATEWAY; OFFICER DOLLAR, )<br>*et al.*, )<br>)<br>Defendants. ) | Case No. CV409-031 |

## REPORT AND RECOMMENDATION

Alain Delon Cook, who is currently under criminal prosecution in state court, *see Georgia v. Alain Delon Cook,* No. R09010413 (Ga. State Ct. filed Jan. 28, 2009), moves this Court for leave to proceed *in forma pauperis* (IFP) in an action in which he complains about his arrest and detention. Doc. 1 at 3 ("made-up charges... arrested and charge[d] without sufficient, or lack of eviden[ce,] false charges"); *id.* at 5 (relief requested: "for defective acts of defendants dehiring [sic]; also a sum in excess of the 11 federal judicial limit of federal investigation on all DA's past cases federal

investigation on public defenders. . . ."). He seeks the following judicial relief: "Therefore I Alain D Cook Demand Justice for the 4 Amendment Illegal (Searches) 8 Amendment Illegal (7 counts Cruel and Unusual Punishment) 14 Amendment (Equal Protection of the Law Due Process, Citizenship)". *Id.* at 7.

In that Cook has shown he is indigent, the Court **GRANTS** his IFP motion.[1] Doc. 2. Nevertheless, the Court must *sua sponte* dismiss his case because he fails to state a claim. While 28 U.S.C. § 1915 authorizes indigent litigants like Cook to proceed IFP, § 1915(e)(2) authorizes courts to dismiss such cases *sua sponte* if: (1) the allegation of poverty is untrue, (2) the action is frivolous or malicious, (3) the complaint fails to state a claim upon which relief may be granted, or (4) the complaint seeks money damages from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2). This screening is intended "to discourage the filing of, and

---

[1] Cook does not list a jail or prison as his address, and the local jail does not show him as a current resident. *See* Chatham County Jail Booking Info, http://www.chathamcounty.org/jims/jail/ (site as of Mar. 12, 2009). Hence, the Prison Litigation Reform Act, as expressed in part of 28 U.S.C. § 1915, all of 28 U.S.C. § 1915A, and various other statutes, does not apply to him. *See* 28 U.S.C. § 1915(h) (pre-trial defendants are not "prisoners" under the PLRA if they are not "incarcerated or detained in any facility"). Thus Cook is not required to pay the full amount of the federal filing fee over time from a prison trust fund account, as prisoners must do.

waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Broner v. Wash. Mut. Bank, FA*, 258 F. App'x 254, 256 (11th Cir. 2007).

*Pro se* pleadings are held "to a less stringent standard than pleadings drafted by an attorney." *Hall v. Sec'y for Dep't of Corr.*, 2008 WL 5377741 at * 1 (11th Cir. Dec. 24, 2008) (unpublished) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007) (quotations omitted). And "the plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative level.'" *United Techs. Corp. v. Mazer*, ___ F.3d ___, 2009 WL 263329 at * 4 (11th Cir. Feb. 5, 2009) (quoting *Twombly*, 127 S.Ct. at 1964-65). Thus, while specific facts are not necessary under the notice pleading standard, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), a

plaintiff must himself allege a non-conclusory claim showing that he is entitled to relief. *Rogers v. Nacchio*, 241 F. App'x 602, 607 (11th Cir. 2007); *Lambert v. United States*, 98 F. App'x 835, 839 (11th Cir. 2006) (inmate's conclusory allegations were insufficient to establish a medical malpractice claim). The Court cannot simply "fill in the blanks" to infer a claim. *See Bivens v. Roberts*, 2009 WL 411527 at * 3 (S.D.Ga. Feb. 18, 2009) (unpublished) ("judges must not raise issues and arguments on plaintiffs' behalf, but may only construe pleadings liberally given the linguistic imprecision that untrained legal minds sometimes employ") (citing *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008)).

Cook's complaint is at best an exercise in semantic chaos. In that regard, the Clerk (on the docket cover sheet) inexplicably characterized this case as a 42 U.S.C. § 1981 action. (Cook cites no particular statute; nor does the complaint form that he used so indicate.) Given Cook's rambling allegations, he could be bringing a 42 U.S.C. § 1983 civil rights action, if not a 28 U.S.C. § 2241 or § 2254 habeas corpus action. At bottom, substance must govern over nomenclature. *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 164 (1984). In that plaintiff claims constitutional

violations and seeks money damages, doc. 1 at 7, the Court construes Cook's complaint as primarily advancing a § 1983 case.

Cook has named several non-state-actors as defendants—specifically, the owner and manager of an Exxon station. But to prevail in a § 1983 action, a plaintiff must establish both a violation of a right secured by the Constitution or laws of the United States and demonstrate that the alleged violation was committed by a person acting under color of state law. *Bannum v. City of Ft. Lauderdale*, 901 F.2d 989, 996-97 (11th Cir. 1990); *Blackshear v. Dowling*, 2009 WL 297710 at * 1 (11th Cir. Feb. 9, 2009) (unpublished); *see also Wilson v. Dollar-Thrifty Auto Group-South Fla Transport*, 286 F. App'x 640, 642 (11th Cir. 2008). Neither of those defendants are alleged to be state actors or private citizens acting under color of state law, so any claim against them must be dismissed.

Plaintiff does name some state actors in the caption of his complaint, but he raises no substantive allegations against them. Instead, he simply cites constitutional provisions but offers no supporting facts showing, for example, that any given individual is directly responsible for any wrongful arrest or detention. *See Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir.

1990) (a § 1983 plaintiff must demonstrate either that the individual defendant directly participated in the alleged constitutional deprivation or that there is some other causal connection between the official's acts or omissions and the alleged constitutional deprivation); *Dempsey v. Elmore*, No. CV407-141, doc. 10 at 5-6 n. 4 (S.D.Ga. June 4, 2008) (unpublished). Again, the Court cannot "fill in the blanks." Thus, even if he can be said to have alleged Fourth Amendment or other constitutional claims, they nevertheless fail for lack of pleading linkage.

Finally, it is possible to construe at least part of Cook's complaint as invoking federal habeas relief to challenge the legality of the pending state prosecution against him. To the extent he is attacking the legality of his custody or is seeking release from custody, "his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). And before he pursues such relief in this Court, he must first exhaust his state remedies. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). An applicant for federal habeas relief has not exhausted his state remedies "if he has the right under the law of the State to raise, by

any available procedure, the question presented." 28 U.S.C. § 2254(c).[2]

Here, the public record shows that there exists a state criminal proceeding against Cook. If he believes that his current pretrial detention is unlawful, he has an available state remedy, for Georgia law recognizes the right of a person "restrained under any pretext whatsoever . . . [to] seek a writ of habeas corpus to inquire into the legality of the restraint." O.C.G.A. § 9-14-1(a). Cook also has the option of going to trial in the state criminal case and then directly appealing any conviction. Thus, he has available state remedies that he must exploit before seeking *federal* habeas

---

[2] 28 U.S.C. § 2241 provides a federal habeas remedy to a state pretrial detainee who contends that he is being held in custody in violation of the Constitution, laws, or treaties of the United States. *Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1261 (11th Cir. 2004); *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003); *Stacey v. Warden, Appalachee Corr. Inst.*, 854 F.2d 401, 403 n.1 (11th Cir. 1988) ("Pre-trial habeas petitions . . . are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered."). While § 2241 does not contain an exhaustion requirement similar to that found in § 2254, courts have adopted such a requirement for § 2241 petitions. *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies.") (Tjoflat, concurring); *Montez v. McKinna.* 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). "[T]he [common law exhaustion] requirement was codified in 28 U.S.C. § 2254(b), but the requirement applies to all habeas corpus actions." *Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1974); *Moore v. DeYoung*, 515 F.2d 437, 442 (3d Cir. 1975) (finding that under principles of federalism, exhaustion is required before pretrial writ can be issued); *see Wilson v. Hickman*, 85 F. Supp. 2d 1378, 1380 (N.D. Ga. 2000).

relief here. *See Fields v. Tankersley*, 487 F. Supp. 1389 (S.D. Ga. 1980) (federal court could not consider challenge to state court's denial of bail until petitioner first exhausted his state habeas remedies).

Accordingly, the Court **GRANTS** plaintiff Alain Delon Cook's motion to proceed IFP (doc. 2) but advises the district judge to **DISMISS** the § 1983 portion of his complaint **WITH PREJUDICE**, and the habeas portion **WITHOUT PREJUDICE.**

**SO REPORTED AND RECOMMENDED** this 12th day of March, 2009.

*[signature]*
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**